**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ALEXANDER, an individual,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., FKA The Bank of New York Trust Company, N.A., as successor-in-interest to JPMorgan Chase Bank, National Association, as Trustee, for Pooling and Servicing Agreement for Residential Asset Mortgage Products, Inc., Mortgage-Backed Pass-Through Certificates Series 2003-SL1 - Erroneously Sued As The Bank of New York Mellon Trust Company, N.A., fka The Bank of New York Trust Company, N.A.; et al.,<br><br>   Defendants - Appellees. | No. 13-55069<br><br>D.C. No. 2:12-cv-08901-R-JCG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: KOZINSKI, CHRISTEN, and HURWITZ, Circuit Judges.

David Alexander appeals from the district court's order dismissing his claims for quiet title and slander of title pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.     The appellees' motion to dismiss this appeal as moot is denied. *See* Cal. Civ. Proc. Code § 761.020.

2.     Alexander acknowledges a valid deed of trust was recorded against the property when he purchased it in 2011. That the subsequent assignment lacked language explicitly transferring an interest in the underlying note does not render the deed of trust invalid. *See Domarad v. Fisher & Burke, Inc.*, 76 Cal. Rptr. 529, 536 (Cal. Ct. App. 1969) ("[A] deed of trust is inseparable from the debt, . . . and an attempt to assign the deed of trust without a transfer of the debt is without effect."); *Shimpones v. Stickney*, 28 P.2d 673, 678 (Cal. 1934) ("The plaintiff in a quiet title suit is not helped by the weakness of his adversary's title, but must stand

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]     The parties are familiar with the facts, so we do not recount them here.

upon the strength of his or her own.  The fatal weakness in plaintiff's position is that she . . . refused to pay [her debt].").

3.     Because Alexander failed to raise arguments pertaining to the slander of title claim in his opening brief, his challenge to the district court's dismissal of this claim is deemed waived.  *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

**AFFIRMED.**